## DE BEN v. GERARD.

The powers vested in police juries and other political corporations must be exercised by ordinances general in their operation.

Though the stat. of 28 March, 1840, creating a police jury for that part of the parish of Orleans on the right bank of the river, should be considered as vesting the police jury with power to regulate the proportions, directions and repairs of the levées, and so far repealing the stat. of 7 February, 1829, concerning roads and levées, the last act remains in force and must govern the rights of the riparian proprietors until the powers confirmed by the stat. of 1840 have been legally exercised.

The object of sec. 16 of the stat. of 28 March, 1840. creating a police jury for that part of the parish of Orleans on the right bank of the river, was merely to make the owners of back lots contribute with the front proprietors to the construction and repairs of levées, which afford them all equal protection. It provides at whose expense they shall be made and repaired, but is silent as to the manner of making them, and as to the place whence the necessary materials are to be taken.

The property of the banks of rivers is in those who possess the adjacent lands, and they have a right to prevent an unlawful use of them by the agents of the public.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Roselius*, for the plaintiff. *Warfield* and *Rand*, for the appellant. The judgment of the court was pronounced by

ROST, J. The plaintiff, who is owner of a front lot in the unincorporated village of Tunisburg, enjoined the syndic of the police jury from taking, near the water's edge in front of his levée, the earth necessary to repair the levée

of another lot in the same village. The police jury intervened as defendants, averred their right to use the river bank in front of the plaintiff's lot for any purposes of public utility, and to take materials there to erect or repair any levée within the village. They alleged that this right was worth more than $300 to them. The District Court perpetuated the injunction, and the defendants appealed.

The motion to dismiss the appeal on the ground of want of jurisdiction cannot be sustained. The evidence adduced by the appellants satisfies us of their right to be heard in this court.

On the merits, we are of opinion that there is no error in the judgment. The act of 1829, concerning roads and levées, prescribes the manner in which levées are to be made and repaired, and designates the place where the earth for those purposes is to be taken. It is alleged that the act of 1840, creating a police jury for that part of the parish of Orleans situated on the right bank of the river, and defining its powers, has vested the police jury with full power and authority to regulate the proportion, direction and repairs of levées, and that it abrogates the act of 1829. We are not prepared to say that this is a correct interpretation of that act; but, if it should be, it is not shown that the police jury have exercised that power and authority. The powers vested in political corporations must be exercised by ordinances general in their operation. *First Municipality* v. *Blineau*, 3 An. 688. Until the power claimed by the defendants has been legally exercised, the general law of 1829, concerning roads and levées, remains in full force.

The object of the 16th section of the act of 1840, was merely to make the owners of back lots contribute with the front proprietors to the construction and repairs of levées, which afford them all equal protection. It provides at whose expense the levées shall be made and repaired, but is silent as to the manner of making them, and as to the place where the materials required for that purpose are to be taken. The property of the river banks is in those who possess the adjacent lands, and they have the right to prevent an unlawful use of them by the agents of the public.

We are of opinion that this controversy, as it is presented to us, is to be determined by the provisions of the act of 1829, and that, under those provisions, the injunction was properly granted.

*Judgment affirmed.*